UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BRITTANY MORGAN FREEMAN, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Civil Action No: 3:25-CV-00081-RGJ |
| PAMELA JO BONDI, U.S., ATTORNEY GENERAL, in her official capacity, | ) ) ) ) ) |
| *Defendant*. | ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS**

Defendant submits this reply in support of its Partial Motion to Dismiss.

**A. Plaintiff does not allege that she opposed an unlawful employment practice.[1]**

Plaintiff has not alleged facts that she believed the vaccine mandate was an unlawful employment practice i.e. discriminatory under Title VII. In her amended complaint, Plaintiff lists several reasons why she is personally convicted by her faith from following the mandate. [Doc. 8, PageID 70-72.] She, however, does not state that the mandate discriminates against or targets her or anyone else based on their religious beliefs. She cannot because the mandate offered an exemption for employees due to their religious beliefs. Plaintiff acknowledges that

---

[1] "As a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.' This does not include plaintiffs' responses to a motion to dismiss." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 502 (W.D. Ky. 2021)(citing *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020)). As such, Defendant argues that the Court should not consider the exhibit attached to Plaintiff's response as it was not attached to the amended complaint. However, Defendant notes that "[i]n resolving motions to dismiss, a court may consider the well-pled factual allegations in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record, and records of which the Court may take judicial notice." *Perry v. Owensboro Health, Inc.*, No. 4:14-CV-00046-JHM, 2015 WL 4450900, at *2 (W.D. Ky. July 20, 2015). Should the Court consider the exhibit incorporated by reference in the amended complaint, Defendant argues that the document is still unavailing because even if Plaintiff claims that her exemption request is not an acknowledgement that the mandate is Constitutional or legal, this does not mean that she is alleging that the mandate is discriminatory. As such, Plaintiff does not defeat dismissal under 12(b)(6).

the mandate provided a religious exemption and that she requested one. [*Id.*, PageID. 70.]

In her Response, however, Plaintiff argues she can rightfully oppose the vaccine mandate despite it including a religious exemption. In support, Plaintiff states that "numerous lawsuits were filed against the Biden administration by many federal employees based on several grounds, including their religious beliefs, despite the religious and medical exemptions." [Doc. 14, PageID. 141]. However, in the cases Plaintiff cites in her Response, the lawsuits dealt with either an alleged disproportionate application of religious exemptions or grounds outside of Title VII. *See Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826, 834 (S.D. Tex. 2022) (plaintiffs challenging the President's authority to issue the mandate in general but making no claim that the mandate is discriminatory under Title VII); *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 341–42 (5th Cir. 2022)(plaintiffs alleging that the Navy reported receiving 2,844 requests for religious accommodations and denied them all); *Doster v. Kendall*, 54 F.4th 398, 416 (6th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 481, 217 L. Ed. 2d 248 (2023) (the Court pointing out that "a near certainty existed that the Air Force would deny the exemption requests of those [p]laintiffs who had yet to receive an initial decision"); *McCray v. Biden*, 574 F. Supp. 3d 1, 6 (D.D.C. 2021)(plaintiffs arguing the mandate violated the Food, Drug, and Cosmetic Act, Fifth Amendment, and Administrative Procedure Act but making no mention of Title VII); *Rodden v. Fauci*, 571 F. Supp. 3d 686, 688 (S.D. Tex. 2021)(plaintiffs arguing that the mandate violated the Fifth Amendment but making no mention of Title VII). Plaintiff, however, asserts her opposition to the mandate under Title VII and thus must plead such.

Plaintiff is correct that she need not prove anything at this phase, however, she still must allege enough to state a claim. For a retaliation claim under Title VII, there are two types of protected activity: participation in a proceeding with the Equal Employment Opportunity

Commission ("EEOC") and opposition to an apparent Title VII violation. *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012). The question here is not whether Plaintiff alleged that she disagreed with the mandate or even that the mandate was unlawful in general but whether she alleged the mandate was *unlawful under Title VII*. *See Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 345 (6th Cir. 2021)(citing *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276, (2009)( "When an employee communicates to her employer a belief that the *employer has engaged in ... a form of employment discrimination*, that communication virtually always constitutes the employee's opposition to the activity.")(emphasis added); *see also Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007)(plaintiff's expression of opposition must concern a violation of the ADEA"); *Rypiak v. Sw. Gen. Hosp.*, No. 1:23CV1395, 2023 WL 6518029, at *2 (N.D. Ohio Oct. 5, 2023)("To receive protection under Title VII's anti-retaliation provision, a plaintiff's expression of opposition to an employer's conduct must concern a violation of Title VII.")

As such, if it is Plaintiff's contention that she engaged in protected activity by opposing the mandate, she must allege that there was something discriminatory about the mandate. She has not because she cannot. The mandate provided for an exemption for religious reasons and Plaintiff took advantage of this exemption. [Doc. 8, PageID. 70]. She does not allege that she was unlawfully denied the exemption, that the exemptions were disproportionally applied, or anything discriminatory about the mandate. Therefore, by simply stating that she opposed the mandate without indicating that her opposition was of some discriminatory act, Plaintiff cannot allege the protected activity element of retaliation under Title VII. Thus, claim one of the amended complaint should be dismissed.

### B. Plaintiff's request for a religious accommodation is not considered protected activity.

The Sixth Circuit has held that requests for a religious accommodation are not protected activity under Title VII. *See Stanley v. ExpressJet Airlines*, Inc., 808 F. App'x 351, 358 (6th Cir. 2020)(citing 42 U.S.C. § 2000e-3(a)).  Another Sixth Circuit court has already begun to implement this ruling. *See Bass v. T-Mobile* USA, Inc., 726 F. Supp. 3d 749, 764 (E.D. Mich. 2024)(finding that Plaintiff did not engage in a protected activity under Title VII when he requested a religious accommodation); *see also Garczynski v. Accident Fund Insurance Co.*, No. 22-12615, 2023 WL 3437294, at *3 (E.D. Mich. May 12, 2023); *Collias v. MotorCity Casino*, No. 222CV12650TGBEAS, 2023 WL 6406220, at *6 (E.D. Mich. Sept. 30, 2023).  Plaintiff even acknowledges this ruling by noting that "the Sixth Circuit, along with the Eighth and Third Circuits [have] deemed religious accommodation requests as not being protected activity." [Doc. 14, PageID. 143].

Nevertheless, Plaintiff asks this Court to deviate from precedent and take the approach adopted by courts outside this circuit. [Doc. 14, PageID. 146.]  "But this Court is bound by Sixth Circuit precedent." *Best v. James*, No. 3:20-CV-299-RGJ, 2025 WL 373451, at *3 (W.D. Ky. Feb. 3, 2025)(citing *Kennard v. United Parcel Serv., Inc.*, 531 F.Supp. 1139, 1142 (D.C. Mich. 1982) ("Unlike an appellate court, a district court cannot shape decisional law by overruling precedent, since it lacks the power to do so, but instead merely applies the law as it finds it.").  As such, Plaintiff's argument that this Court should ignore precedent is futile.

Moreover, even if the Court were inclined to consider another approach, it could not in this case.  For a retaliation claim, "the term 'oppose' should be interpreted based on its ordinary meaning: '[t]o resist or antagonize ... ; to contend against; to confront; resist; withstand.'" *Jackson*, 999 F.3d at 344 (citing *Crawford*, 555 U.S. at 276).  As stated earlier, the opposition

must be of some apparent violation of Title VII. *Wasek*, 682 F.3d at 469. However, exercising the right of requesting an accommodation is not the same as opposing an unlawful practice under Title VII. *See* 42 U.S.C. § 2000e(j); 42 U.S.C.A. § 2000e-3(a). "[M]erely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation." *Highfield v. City of Vanceburg, Kentucky*, 643 F. Supp. 3d 706, 730 (E.D. Ky. 2022)(citing *EEOC v. N. Mem'l Health Care*, 908 F.3d 1098, 1102 (8th Cir. 2018)).

Plaintiff does not allege that she was denied a request for an accommodation. She does not allege that the exemptions were disproportionately applied. She does not even allege that at any point after she submitted her religious exemption she was made to get the vaccine. Instead, Plaintiff alleges that "DEA never responded to her request for a religious exemption/ accommodation." [Doc. 8, PageID. 70]. Thus, based on her own allegations and lack of allegations, she was accommodated.

Nevertheless, Plaintiff asks this Court to deem the request as protected activity "if the employer fails to act on the request yet discriminates against the employee following submission of the request." [Doc 14, PageID. 144.] Plaintiff, however, misunderstands a retaliation claim which has different elements than a discrimination claim. For retaliation, Plaintiff must allege that the employee engaged in protected activity, the employer knew of this protected activity, then the employee endured an adverse action from the employer, and there must have been some causal connection between the protected activity and the adverse action. *Mitchell v. Per-Se Techs., Inc.*, 64 F. App'x 926, 927 (6th Cir. 2003). The focus here is that by merely requesting the accommodation, Plaintiff has not alleged that she engaged in a protected activity.

The Sixth Circuit has stated that a request is not enough for protected activity, and Plaintiff has not opposed a denial of the request nor opposed any discriminatory activity of the

employer in its implementation of the mandate. As such, Plaintiff cannot allege that requesting an exemption from a policy that she doesn't even allege was implemented against her could constitute protected activity. Thus, claim three must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's amended complaint as it relates to any claims of retaliation based on her opposition to the COVID-19 vaccine and her request for a religious exemption (claims one and three).

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

*s/ Calesia Henson*
Calesia Henson
Michael D. Ekman
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-6993
calesia.henson@usdoj.gov
michael.ekman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Michele Henry
Law Office of Michele Henry PLC
517 West Ormsby Avenue
Louisville, KY 40203
502-536-0085
mhenry@michelehenrylaw.com

Louis F. Robbio
Law Office of Louis F. Robbio
1230 Fishtail Palm Court
North Port, FL 34288
941-204-4852
lfr911@verizon.net

*Counsels for Plaintiff*

                                            */s/ Calesia Henson*
                                            Calesia Henson
                                            Assistant United States Attorney